Cyprus et al. Mrs. Simpides from the Appellates, Mr. Saltzman for Appalachia T.R.N.C. and Mr. Hughes for Appalachia H.S.V.C. et al. Good morning. We note that earlier today we received word that Counsel for Appellants would not be here today, not feeling well. We'll proceed with the argument in his absence. We have his brief and I think what we will do is allow him to respond by paper to the transcript of the Mr. Saltzman. Thank you. Good morning and may it please the Court. My name is David Saltzman for Appalachia T.R.N.C. Mr. Saltzman, could you either raise that microphone or get a little closer to us? Sure, sure. My apologies. Please let me know. I'll start over. Good morning and may it please the Court. My name is David Saltzman for Appalachia, the Turkish Republic of Northern Cyprus, which if there's no objection I'll abbreviate as the T.R.N.C. With me today is my associate, Rachel Sircara Dengtash. The District Court should be affirmed. It dismissed the Appellant's complaint under Federal Rule 12b2 for lack of personal jurisdiction over the T.R.N.C. and nothing that Appellants have argued in their opening brief should change that. Very little is in dispute in this appeal. First, making reference to the Supreme Court's decision in Daimler A.G. against Baumann, the Appellants have explicitly conceded that general personal jurisdiction over the T.R.N.C. cannot attach. Second, the Appellants have explicitly conceded that the government contacts exception exists and applies in this case. Also not in dispute is that the Appellants plead only a single Federal claim, that under the Lanham Act. The Appellants' remaining arguments, therefore, have to be for specific personal jurisdiction under the D.C. Longarm Statute, utilizing those few jurisdictional contacts that are not otherwise excluded under the government contacts exception, and for Federal Longarm Jurisdiction, though only predicated on the Lanham Act. The Appellants allege specific personal jurisdiction under the Transacting Any Business in the District Clause of the D.C. Longarm Statute, that's D.C. Code Section 13-423A1. They later asserted an assortment of new theories under other subsections of the statute, but all of these were pledged for the first time on appeal and should be ignored. The Appellants' specific personal jurisdiction arguments fall far short of the standard in this circuit. A key element of specific personal jurisdiction is a nexus requirement that the Appellants' claims arise from the T.R.N.C.'s contacts in the District of Columbia. This Court has stated that the D.C. Longarm Statute requires that the claims must arise from the particular transaction of business by the defendant in the District of Columbia, and here they do not. The grovelment of Appellants' complaint is an action for damages for the alleged dispossession of land, all of which is located on the island of Cyprus, some 5,500 miles from the District of Columbia. It is not in dispute that none of the Appellants reside in the District of Columbia. Similarly, there has been no allegation of an injury suffered in the District of Columbia. In fact, the record is devoid of even a single allegation concerning a specific transaction for a specific property owned by Appellants, whether it's a specific deed of title that was transferred, a specific transfer of funds, or anything of that nature that will have occurred in the District of Columbia or through the T.R.N.C.'s office here. As this Court has held in Chicago against United Exchange Company, it's the plaintiff's burden to assert jurisdictional facts, not merely conclusory statements. When the T.R.N.C. moved to dismiss the Appellants' complaint, we provided three detailed affidavits, two by the Washington, D.C. representative of the T.R.N.C., which refuted nearly all of the jurisdictional allegations made by the Appellants. Crucially, and as was recognized by the Court below, none of the affidavits were contested by the Appellants. Neither the content of the affidavits nor the veracity of the affidavits were credibly challenged. And Courts in this circuit have widely held that the defendant, of course, can utilize affidavits to counter a plaintiff's jurisdictional allegations. In fact, the Appellants' opening brief relies significantly on the T.R.N.C.'s affidavits, though largely by misrepresenting them. Turning to the federal long-arm statute, this can be easily discarded. It requires that a federal claim be raised, and we know that only a single federal claim was raised, that under the Lanham Act. To plead an action under the Act, one must have two competitors in commerce, and there's nothing in the Appellants' complaint that argues that we have two competitors in commerce. Nothing fits this mold. Moreover, the Appellants do not allege that the supposed Lanham Act violation, which supposedly occurred in the United States, has any relationship to the alleged dispossession of land on the island of Cyprus. Even further, when making their Lanham Act claims, the Appellants refer to the defendants in aggregate without ever singling out the T.R.N.C. or the HSBC defendants. It is impossible, therefore, to tease out any cogent or credible allegations related to the Lanham Act. And finally, one can hardly characterize the T.R.N.C.'s context in the United States as a whole, as so pervasive that the T.R.N.C. is essentially at home in the United States, as would be required by Daimler. This covers all the elements of Rule 4K2, and therefore personal jurisdiction under this rule cannot attach. It seems my time is about up. Your time is up. Any questions, Judge Galen? No. Judge Henderson, any questions? No. I'm okay, thank you. Okay, thank you. Mr. Hughes, good morning. Thank you. May it please the Court, Paul Hughes, I represent the two HSBC defendants. Your Honor, the District Court dismissed the claims against the HSBC defendants for two independent reasons. Neither of those grounds were challenged by the Appellants in their opening brief to this Court. The first reason was simply that Appellants failed to allege any basis to hold the two HSBC defendants liable for the alleged conduct of an entirely separate entity, a Turkish bank. Second, the District Court found that defendants failed to meet the minimal requirements of Rule 8 by lumping together all of the different bank entities without specifying which conduct was allegedly committed by which bank. We submit that the District Court's conclusion on both of those two issues was correct. That's not challenged on appeal. On appeal, the Appellants advanced a new argument under the Bank Secrecy Act that was waived below and, as we explained in our briefs, is without legal merit. So I would be pleased to answer any questions that the Court may have. Judge Galen, any questions? Judge Henderson, do you have any questions? No questions. Okay, thank you very much.
judges: Henderson, Griffith, Kavanaugh